IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BILLY MORRISON,

    *Plaintiff*,

v.    CASE NO.:  4:18cv576-MW/CAS

THE FLORIDA DEPARTMENT
OF CORRECTIONS,

    *Defendant*.

_____/

## ORDER ON ISSUE PRECLUSION AND ORDER REQUIRING PARTIES TO FILE BRIEFS ON RE-OPENING DISCOVERY

This Court required the parties to submit supplemental briefing on the issue of whether the doctrine of collateral estoppel should apply to prevent Defendant from re-litigating the issue of Defendant's deliberate indifference to the serious medical needs of inmates with hepatitis C based upon the final judgment and permanent injunction in *Hoffer v. Inch*, No. 4:17-cv-214-MW-CAS (N.D. Fla. Apr. 18, 2019), ECF No. 465. After reviewing the parties' briefs, ECF Nos. 131 & 134, and considering the issue at the February 27, 2020, pretrial conference, this Court finds that, based on the current evidentiary record in this case, a "material differentiating fact that would alter the legal inquiry" **may** exist such to preclude the application of the doctrine as to the issue of Defendant's deliberate indifference to Plaintiff's hepatitis C. *See F.T.C. Nat'l Urological Grp.*, 785 F.3d 477, 482 (11th

Cir. 2015) (quoting *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003)).

Specifically, unlike the private medical contractors in *Hoffer* that had to go directly to Defendant for approval of non-formulary prescription drugs, Geo Group's contract to operate the Graceville Correctional Facility provides that "an appropriately qualified CONTRACTOR representative will stand in place of the [Defendant] to review and approve or deny [Drug Exception Requests]." ECF No. 54-30 at 35. Plaintiff was incarcerated at the Graceville Correction Facility from October 13, 2015, until his transfer to a facility operated by Defendant for purposes of receiving treatment on January 25, 2018. *See* ECF No. 66-2 at 5.[1] Accordingly, this Court finds that the doctrine of issue preclusion cannot apply to the issue of whether Defendant was deliberately indifferent to Plaintiff's hepatitis C during the

---

[1] Plaintiff was incarcerated at the Blackwater Correctional Facility, another prison operated by Geo Group, when he consented to HCV treatment on September 15, 2015. ECF No. 66-2 at 5. Based on this Court's review of Geo Group's contract for the Blackwater Correctional Facility, it does not appear as though a Geo Group representative could approve a Drug Exception Request. *Compare* ECF No. 54-29 at 62–63 (Blackwater Contract) ("Compliance with the DC's Drug Exception Request (DER) policy is required prior to prescribing any non-formulary medications.") *with* ECF No. 54-30 at 35 (Graceville Contract) ("Compliance with the DC's Drug Exception Request (DER) policy is required prior to prescribing non-formulary medications **with one exception**; an appropriately qualified CONTRACTOR representative will stand in place of the DC to review and approve or deny DER.") (emphasis added). Although it would appear there would be may be no material differentiating fact between the *Hoffer* case and the Drug Exception Request policy in place at the Blackwater Correctional Facility, this Court declines to apply the doctrine of issue preclusion as to Defendant's deliberate indifference with respect to this issue due to the limited time during which Plaintiff was incarcerated at the Blackwater Correctional Facility between his consent to treatment and his transfer to Graceville Correctional Facility and the ambiguous nature of the record.

time he was incarcerated in facilities operated by Geo Group given the current state of the record inasmuch as Plaintiff bears the burden in arguing in support of offensive issue preclusion. *See CSX Transp., Inc.*, 327 F.3d at 1317.

Critically, however, the evidentiary record before this Court is undeveloped as to why the "appropriately qualified CONTRACTOR representative" denied treatment for Plaintiff. Although it is undisputed that Geo Group was required to adhere to Defendant's health service bulletins ("HSBs"), including the HSBs related to treatment of hepatitis C that this Court found unconstitutional in *Hoffer*, there is no record evidence as to the reason Geo Group adhered to this unconstitutional policy rather than *exceeding* its requirements in order to provide constitutionally adequate treatment for Plaintiff's hepatitis C. For one, Geo Group's contract to operate the Graceville Correctional Facility is ambiguous on how much discretion, if any, this Geo Group representative exercised in approving or denying Drug Exception Requests. *Compare* ECF No. 54-30 at 35 ("[A]n appropriately qualified CONTRACTOR representative will stand in place of the DC to review and approve or deny DER.") *with* ECF No. 54-30 at 36 ("[Geo Group] shall strictly comply with the DC's formulary in all cases unless the DC approves a medication exception request."). Moreover, incredibly, neither party deposed the Geo Group

representative who made the decision to deny the Drug Exception Request for Plaintiff's treatment.[2]

The reason for Geo Group's denial of treatment for Plaintiff's treatment would seem to be of central importance to the parties' claims and defenses. Plaintiff's theory is that Geo Group—like the private contractors in *Hoffer*—denied treatment based on Defendant's financial concerns over the cost of the treatment. Defendant's theory is that Geo Group's denial of treatment had nothing to do with Defendant's concern over the cost of the treatment. For the reasons set forth above, a reasonable jury could infer either scenario to be true based on the ambiguous evidentiary record. There may be good reason for the parties to favor this state of affairs. There may also be good reason to re-open discovery for the limited purpose of ascertaining the reason why Geo Group's representative denied the requests for Plaintiff's treatment. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (explaining litigation is a "search for truth"). Accordingly, the parties are ordered to file briefs explaining their respective positions as to whether this Court should continue the trial and re-open discovery for this limited purpose **on or before March 4, 2020**.

---

[2] Based on deposition testimony of Dr. Jorge Luis Alvarez and Defendant's 30(b)(6) representative, it appears this "appropriately qualified CONTRACTOR representative was "Dr. Kennedy," a physician for Correct Care Solutions. *See* ECF No. 86-1 at 29–30; ECF No. 98-2 at 40–41, 127. Defendant has not even listed a "Dr. Kennedy" on its list of potential trial witnesses. *See* ECF No. 136–2 at 1–4. Plaintiff listed Dr. Scott Kennedy on his list of potential witnesses. *See* ECF No. 136-4 at 4.

4

For these reasons,

**IT IS ORDERED**:

1. Defendant is not estopped from arguing that it was not deliberately indifferent to Plaintiff's hepatitis C.

2. The parties shall file briefs on the issue of whether this Court should continue the trial and re-open discovery for the limited purpose of ascertaining the reason why Geo Group's representative denied the requests for Plaintiff's treatment. The briefs shall be filed **on or before March 4, 2020**.

**SO ORDERED on February 28, 2020.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**